UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD MCGEE and ROSETTA MCGEE, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-1423-B |
| THE VETERANS LAND BOARD OF THE STATE OF TEXAS and CITIMORTGAGE, INC., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs' Motion to Remand. Doc. 7. For the reasons that follow, the Court **GRANTS** the motion.

### I.

### BACKGROUND[1]

Pro se plaintiffs Harold and Rosetta McGee (the McGees) ask the Court to remand their case, claiming the Court does not have subject matter jurisdiction because they assert only state-law causes of action in their complaint. Doc. 7, Mot. to Remand, 1. The McGees filed suit in Texas state court claiming that Defendants the Veterans Land Board of the State of Texas (VLB) and Citimortgage, Inc. (Citimortgage) unlawfully accelerated the payments due under their mortgage and unlawfully scheduled a foreclosure sale of the McGees' home. Doc. 1-6, Compl., ¶ 13. When the McGees purchased their home they executed a promissory note and a deed of trust with non-

---

[1]This factual history is drawn from the plaintiffs' state-court pleadings pending at the time of removal and from the parties' briefing on the present Motion to Remand. Any disputed fact is noted as the contention of a particular party.

defendant CTX Mortgage Company L.L.C. (CTX). *Id.*, ¶ 19. CTX assigned the note and deed of trust to Citimortgage, which in turn assigned the note and deed of trust to VLB. *Id.* The deed of trust incorporates federal regulations promulgated by the Secretary of Housing and Urban Development (HUD) that dictate, in relevant part, the circumstances under which a lender may accelerate a note and initiate foreclosure proceedings. *Id.*, ¶¶ 21–23. Specifically, paragraph 9(d) of the deed of trust incorporates 24 C.F.R. § 203.501 and 24 C.F.R. §§ 203.604–606. *Id.* The McGees claim that Defendants breached the deed of trust when they violated these provisions by failing to send a letter of default, conduct a face-to-face interview with them, and complete a loss mitigation evaluation before initiating a foreclosure sale. *Id.* The McGees claim also that Defendants breached the deed of trust by violating Texas Property Code § 51.002(d) and the duty of good faith and fair dealing imposed by Texas law. *Id.*, ¶¶ 31–32. In addition to their breach of contract claim, the McGees seek to quiet title, a declaratory judgment that the notices of acceleration and foreclosure sale are invalid, specific performance of Defendants' duty to provide loss mitigation options under the deed of trust, and an accounting of all transactions relating to their mortgage pursuant to the Real Estate Settlement Procedures Act (RESPA). *Id.*, ¶¶ 37, 40, 42, 44, prayer for relief.

Citimortgage timely removed the case to this Court on the basis of federal question jurisdiction under 12 U.S.C. § 1331 and § 1441. Doc. 1, Notice of Removal, 1. The McGees then filed a motion to remand. Doc. 7, Mot. to Remand. The same day, the McGees voluntarily dismissed VLB from the case. Doc. 9, Notice. Citimortgage claims in its response to the motion to remand that not only does the Court have federal-question jurisdiction over the case, it now also has diversity jurisdiction since VLB, an in-state defendant and Texas citizen, was voluntarily dismissed. Doc. 10, Def.'s Resp., 5–7. The McGees did not file a reply, but the time has passed for them to do so. Thus,

their motion to remand is ripe for review.

## II.

## LEGAL STANDARD

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The federal removal statute permits a defendant to remove any civil action that falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). Original jurisdiction lies when there is federal-question jurisdiction or diversity jurisdiction. In its notice of removal, Citimortgage claims only that the Court has federal-question jurisdiction. But it now claims the Court also has diversity jurisdiction. Thus, the Court will consider both standards.

*A.     Federal-question Jurisdiction*

A district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The most direct way a case arises under federal law is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). But there is a backdoor to federal court reserved for a "small and special" group of state-law claims. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised,

(2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

B.     *Diversity Jurisdiction*

District courts also have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal is only proper in such cases, however, if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Gasch*, 491 F.3d at 281.

## III.

## ANALYSIS

Because Citimortgage claims the Court has both federal-question jurisdiction and diversity jurisdiction over this case, the Court will examine each in turn.

A.     *Federal-question Jurisdiction*

Citimortgage appears to concede that the McGees do not plead any federal-law causes of action. Doc. 10, Def.'s Resp., 3. But Citimortgage claims that this Court nonetheless has federal question jurisdiction under the four-part *Gunn* test because whether or not Citimortgage breached the deed of trust turns on interpretation of the HUD regulations incorporated in the deed of trust. *Id.* at 4–5. Thus, Citimortgage claims a federal issue is necessarily raised, actually in dispute, and substantial. *Id.* at 5. The Court disagrees.

A federal issue is not necessarily raised when the claim involving the federal issue "can be

supported by alternative and independent theories of recovery, one based in state law and the other in federal law." *Brewster v. Nationstar Mortg.*, LLC, No. 3:13-CV-2807-M, 2013 WL 6501261, at *4 (N.D. Tex. Dec. 10, 2013)(internal quotations and citations omitted). And a federal issue is not substantial when the issue concerns questions of fact rather than interpretation of the law. *Id.* at *5.

Courts in the Northern District of Texas have consistently applied these rules to find federal-question jurisdiction lacking in cases in which the plaintiff claims breach of the deed of trust based on violation of HUD regulations. For example, in *Brewster,* the court found the federal issue was not necessary to the plaintiff's claim because although the plaintiff referenced HUD regulations in her breach of contract claim, she also based her breach of contract claim on violations of the Texas Property Code and violation of paragraph 9(d) of the deed of trust. *Id*; *see Lindsey v. JP Morgan Chase Bank Nat'l Ass'n*, No. 3:12-CV-4535-M-BH, 2013 WL 2896897, at *6 (N.D. Tex. June 13, 2013) (holding that the HUD-regulations issue was not necessarily raised because the plaintiff's Texas Property Code and breach of the duty of good faith and fair dealing claims were alternate theories to support the claim); *Henry v. Bank of Am., N.A.*, No. 4:12-CV-786-A, 2012 WL 6730718, at *5 (N.D. Tex. Dec. 28, 2012)(finding the HUD-regulations issue neither necessary nor substantial because they were part of her state law contract claim). And the *Brewster* court found that the HUD-regulations issue was not substantial because it "concern[ed] questions of fact, such as whether Defendants breached the HUD regulations, as opposed to how to correctly interpret those regulations." *Brewster,* 2013 WL 6501261, at *5; *see Lindsey*, 2013 WL 2896897, at *7.

This case is substantially similar to the *Brewster*, *Lindsey*, and *Henry* cases. The McGees allege that Citimortgage violated several HUD regulations that were incorporated into the deed of trust. Doc. 1-6, Compl., ¶ 21. But they claim also that Citimortgage breached the deed of trust by violating

the Texas Property Code and its duty of good faith and fair dealing under Texas law. *Id.*, ¶¶ 31–32. Therefore, because the McGees' breach of contract claim involving the HUD regulations can be supported by alternate theories arising under state law, the federal issue is not necessarily raised. And because the HUD-regulation issue concerns only whether Citimortgage violated the regulations and not how to correctly interpret the regulations, the federal issue is not substantial either. Because the Court finds there is no federal issue that is necessarily raised or substantial, it need not examine whether the federal issue is actually in dispute or capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Because the HUD-regulations issue does not meet the four-part test in *Gunn*, the Court does not have federal-question jurisdiction over the McGees' breach of contract claim.

To the extent Citimortgage claims that the McGees' request for an accounting pursuant to RESPA also establishes federal-question jurisdiction, this claim fails too. Although Plaintiffs seek an accounting of all transactions related to their mortgage in the body of their complaint, Doc. 1-6, Compl., ¶ 44, they do not mention RESPA until the prayer. *Id.*, at prayer for relief (requesting that "Defendants be ordered to render an accounting to Plaintiffs of the amounts paid and owed pursuant to the Real Estate Settlement Procedures Act"). This minor reference does not "reach the [required] level of 'substantial' and 'actually disputed'." *Henry*, 2012 WL 6730718, at *7. Nor is the RESPA request substantial because it involves only a factual inquiry; "[n]either party is disputing the existence or meaning of RESPA." *Id.* Thus, the McGees' request for an accounting pursuant to RESPA does not confer federal-question jurisdiction on the Court.

B.  *Diversity Jurisdiction*

Because the Court finds it lacks federal-question jurisdiction over this case, it must now

determine whether Citimortgage is correct that the Court has diversity jurisdiction over this case. The Court finds that it does not.

Citimortgage removed this case based only on federal-question jurisdiction. Doc. 1, Notice of Removal, 1. But in its response to Plaintiffs' motion to remand, it claims the Court now also has diversity jurisdiction because the McGees voluntarily dismissed the in-state defendant and Texas citizen, VLB. Doc. 10, Def.'s Resp., 5–6. Citimortgage is correct that the requirements for diversity jurisdiction are now met; dismissal of VLB creates diversity jurisdiction because the McGees and Citimortgage are citizens of different states and the amount in controversy is more than $75,000.[2] 28 U.S.C. § 1332(a)(1). But that does not resolve the question.

Citimortgage acknowledges that it did not assert diversity jurisdiction in its notice of removal, but it claims it may assert diversity jurisdiction now because its assertion was made within the thirty day limit to assert federal jurisdiction after a claim becomes removable. *Id.* Citimortgage also claims that "just as the addition of a non-diverse defendant post-removal would destroy diversity jurisdiction and warrant remand, the voluntary dismissal of a non-diverse party post-removal establishes an additional basis for the Court to retain jurisdiction." *Id.* at 6 n.2 (internal citation omitted).

A party must remove a case within thirty days after it is served. 28 U.S.C. §1446 (b)(1). If a case is not removable within the initial thirty day period, a party may remove the case within thirty days after it becomes removable. *Id.*, § (b)(3). "Prior to the expiration of Section 1446(b)'s thirty-day period, a defendant can freely amend its notice of removal. After the thirty-day period has passed,

---

[2] The amount in controversy is the value of the McGees' property established by the Dallas Central Appraisal District: $232,960. Doc. 11, Def.'s App., Ex. A. The Court takes judicial notice of this value pursuant to Federal Rule of Evidence 201(b)(2). *Hearn v. Deutsche Bank Nat'l Tr. Co.*, No. 3:13-CV-2417-B, 2013 WL 6079460, at *4 (N.D. Tex. Nov. 18, 2013).

the district court can grant the defendant's leave to amend its removal notice." *Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819, 834 (N.D. Tex. 2014). "[C]ourts have been wiling to permit amendments to a notice of removal when the new basis did not exist until after the relevant thirty day period." *Id.*

Citimortgage argues that it timely asserted diversity jurisdiction as a basis for removal because it did so within thirty days after the McGees dismissed VLB from the case. Doc. 10, Def.'s Resp., 6. But § 1446(b)(3) applies to the initial notice of removal, which Citimortgage had already filed—based only on federal-question jurisdiction—when the McGees dismissed VLB. Thus, Citimortgage should have sought leave to amend its notice of removal to include diversity jurisdiction. But Citimortgage did not do so. Thus, the Court rejects Citimortgage's argument that it is within the thirty day time limit to assert diversity jurisdiction and concludes it does not have diversity jurisdiction over this case. *See Allen*, 5 F. Supp. 3d at 835 (finding that the court did not have diversity jurisdiction because the defendant never sought leave to amend its notice of removal to include diversity jurisdiction).[3]

## IV.

## CONCLUSION

For the reasons stated, the Court does not have jurisdiction. Therefore, the Court **GRANTS** the McGees' Motion to Remand. Doc.7.

---

[3] Because the court finds it does not have diversity jurisdiction it does not reach Citimortgage's argument that the voluntary dismissal of a non-diverse party establishes an additional basis for the court to retain jurisdiction. *See* Doc. 10, Def.'s Resp., 6 n.2.

SO ORDERED.

SIGNED: March 29, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE